**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHARLES E. VARNADO, #224831,

      Plaintiff,

v.

                              Case Number 2:13-CV-14248
                              HONORABLE NANCY G. EDMUNDS
KHALID H. NAJAR, et. al.,             UNITED STATES DISTRICT JUDGE

      Defendants,

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. Background

The plaintiff, Charles E. Varnado, presently confined at the G. Robert Cotton

Correctional Facility in Jackson, Michigan, has filed a *pro se* civil rights complaint pursuant

to 42 U.S.C. § 1983.  For the reasons stated below, the Court will dismiss the complaint for

failing to state a claim upon which relief can be granted.

### II. Standard of Review

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C.

1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997).  However, 28 U.S.C.

§ 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been
> paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it ... is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F. 3d 863, 866 (6th Cir. 2000)(citing *Neitzke*, 490 U.S. at 327-28). A complaint fails to state a claim "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown*, 207 F. 3d at 867. *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

A *pro se* litigant's complaint is to be construed liberally, *Middleton v. McGinnis*, 860 F. Supp. 391, 392 ( E.D. Mich.1994)(citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); that is, they are held to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such complaints, however, must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief. Fed.R.Civ.P. 12(b); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 755 (E.D. Mich.2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir.1998)(citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III.  Complaint

2

Plaintiff alleges that defendant Harry Worischeck, a private citizen residing in Redford Township, Michigan, made two separate false police reports on December 17, 2011, in which he accused plaintiff of stealing his van and assaulting him. Plaintiff further alleges that Worischeck committed perjury at a preliminary examination on March 26, 2013, when he testified that plaintiff had broken his fingers and/or wrist with a socket wrench, had swung a screwdriver at him, and that he had to go to the hospital for treatment and X-rays as a result of injuries suffered from the attack. Plaintiff further claims that Worischeck committed perjury by testifying at the preliminary examination that he had been a member of the Green Beret unit of the United States Army.

Plaintiff claims that defendant Khalid H. Najar, an assistant Wayne County Prosecutor, engaged in a suggestive identification procedure by asking Worischeck to positively identify plaintiff as being his assailant at the preliminary examination, rather than first conducting a proper pre-trial line-up to determine whether Worischeck could, in fact, properly identify plaintiff as being his assailant. Plaintiff further alleges that Najar knowingly used Worischeck's perjured testimony at the preliminary examination to bind plaintiff over to circuit court on charges of carjacking and assault with intent to commit great bodily harm, rather than the actual charge of unlawfully driving away an automobile (U.D.A.A.). Plaintiff further claims that Najar lacked probable cause to charge him with the offenses of carjacking and assault. Plaintiff further claims that Najar suppressed evidence that would have been favorable to the defense.

Plaintiff claims that defendant Amy C. Slameka, another assistant Wayne County Prosecutor, violated his constitutional rights by forcing plaintiff to accept a guilty plea to a lesser charge in exchange for dismissal of the carjacking and assault charges, even though

she knew that there was insufficient evidence to support these charges. [1]

Finally, plaintiff claims that his court-appointed attorney, Mark H. Magidson, failed to properly challenge the prosecution's case or the actions of the prosecutors with respect to the charges against plaintiff.

Plaintiff seeks monetary damages.

## IV.  Discussion

Plaintiff's complaint is subject to dismissal for a number of reasons.

First, to the extent that plaintiff seeks monetary damages arising from his criminal conviction, he would be unable to obtain such damages absent a showing that his criminal conviction had been overturned.   To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).   Because plaintiff does not allege that his conviction has been overturned, expunged, or called into question by a writ of habeas corpus, his allegations relating to his criminal prosecution, conviction, and incarceration against the defendants fail to state a claim for which relief may be granted and must, therefore, be dismissed. *See Adams v. Morris,* 90 Fed. Appx. 856, 858 (6th Cir. 2004); *Dekoven v. Bell,* 140 F. Supp. 2d at 756; *See also Scheib v. Grand Rapids*

---

[1]  Plaintiff does not indicate what offense he pleaded guilty to, however the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that plaintiff pleaded guilty to unlawfully driving away an automobile, contrary to M.C.L.A. 750.413, and to being a fourth felony habitual offender, contrary to M.C.L.A. 769.12, and was sentenced to six to ten years in prison.

*Sheriff's Dept.,* 25 Fed. Appx. 276, 277 (6th Cir. 2001)(state inmate's § 1983 claim that fabricated police records influenced charges brought against him would affect validity of his still-standing conviction, and thus were barred by *Heck* rule).  Moreover, although plaintiff was not convicted of the original carjacking and assault charges, plaintiff's conviction on the lesser included offense of unlawfully driving away an automobile precludes him from maintaining a § 1983 action against the defendants because his complaint would still call into question the validity of that conviction. *See Barnes v. Wright,* 449 F. 3d 709, 716-17 (6th Cir. 2006).

To the extent that plaintiff is seeking to have his criminal conviction vacated or set aside in this civil rights action, the civil rights complaint is subject to dismissal.  Where a state prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  A plaintiff cannot seek injunctive relief relating to his criminal conviction in a § 1983 action. *Nelson v. Campbell,* 541 U.S. 637, 643 (2004).  Instead, "§ 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence." *Id.*

Secondly, plaintiff's lawsuit against the defendants Najar and Slameka must be dismissed because they are immune from suit for the actions they took as prosecutors.

"Absolute prosecutorial immunity, like absolute judicial immunity, is a common law principle that shields a prosecutor from § 1983 liability." *Cooper v. Parrish*, 203 F. 3d 937, 946 (6th Cir. 2000).  A prosecutor has absolute immunity for all acts "intimately associated

5

with the judicial phase of the criminal process," such as "initiating a prosecution and ...

presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). The Sixth

Circuit has held:

> Those acts that occur in the course of the prosecutor's role as an advocate
> for the state, e.g., acts taken to prepare for the initiation of judicial
> proceedings or to prepare for trial, are protected by absolute immunity. By
> contrast, a prosecutor who "performs the investigative functions normally
> performed by a detective or police officer" such as "searching for the clues
> and corroboration that might give him probable cause to recommend that a
> suspect be arrested" is entitled only at most to qualified immunity.

*Cooper*, 203 F.3d at 947 (internal citations omitted). As with judicial immunity, the motives

of the prosecutor are irrelevant for purposes of immunity. *Eldridge v. Gibson*, 332 F. 3d

1019, 1021 (6th Cir. 2003). Indeed, absolute prosecutorial immunity is not overcome by a

showing that the prosecutor acted wrongfully or maliciously. *Grant v. Hollenbach*, 870 F.

2d 1135, 1138 (6th Cir. 1989).

Defendant Najar, as prosecuting attorney, would therefore be absolutely immune

from suit for the alleged use of perjured testimony at plaintiff's preliminary examination. *See*

*Imbler,* 429 U.S. at 431, n. 4; *See also Jones v. Shankland,* 800 F. 2d 77, 80 (6th Cir. 1986).

Najar would also be absolutely immune from employing an allegedly suggestive

identifcation procedure. *See Miller v. City of Boston,* 297 F. Supp. 2d 361, 371 (D. Mass.

2003). Najar's alleged failure to disclose purportedly exculpatory evidence is also protected

by absolute immunity from liability for damages under § 1983. *See Howell v. Sanders,* 668

F. 3d 344, 353-54 (6th Cir. 2012). Finally, defendant Slameka's actions with respect to the

plea bargain in this case are also immune from suit. "[C]onduct associated with plea

bargains has long been held by this court to be 'so intimately associated with the

prosecutor's role as an advocate of the State in the judicial process' as to warrant absolute

6

immunity." *Cady v. Arenac County*, 574 F. 3d 334, 341 (6ᵗʰ Cir. 2009).

Plaintiff's lawsuit must also be dismissed against defendant Worischeck because he was not acting under color of state law when he reported the crime and testified in court against plaintiff. "[P]roviding information to the police, responding to questions about a crime, and offering witness testimony at a criminal trial does not expose a private individual to liability for actions taken 'under color of law.'" *Moldowan v. City of Warren*, 578 F. 3d 351, 399 (6ᵗʰ Cir. 2009)(citing *Briscoe v. Lahue*, 460 U.S. 325, 329 (1983)). Plaintiff thus cannot maintain a § 1983 action against the victim of his crime, since he was a private citizen rather than a state actor, and did not act under color of law in providing information to police and offering testimony at plaintiff's preliminary examination. *Id.* Moreover, "[T]he 'immunity of parties and witnesses from subsequent damages liability for their testimony in judicial proceedings was well established in English common law,' and accordingly § 1983 'does not allow recovery of damages against a private party for testimony in a judicial proceeding' even if the testimony constituted perjury (and even assuming the witness was acting under color of state law)." *See Doe v. Boland*, 630 F. 3d 491, 499 (6ᵗʰ Cir. 2011)(quoting *Briscoe*, 460 U.S. at 329-30)).

Finally, plaintiff's suit against his court appointed attorney Mark H. Magidson must be dismissed because it fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983. Court appointed attorneys or public defenders performing a lawyer's traditional functions as counsel to a criminal defendant do not "act under color of state law" and are therefore not subject to suit under 42 U.S.C. § 1983. *Polk County v. Dodson*, 454 U.S. 312, 317 (1981). Even though the defective performance of a criminal defense attorney may cause the legal process to deprive an accused criminal defendant of his

7

liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional action does not act under the color of state law within the meaning of § 1983.See *Briscoe v. Lahue*, 460 U.S. at 329, n. 6; *See also Floyd v. County of Kent,* 454 Fed.Appx. 493, 497 (6ᵗʰ Cir. 2012)(public defender could not be liable in *pro se* § 1983 suit for ineffective assistance of counsel brought by former client, as he did not act under color of state law when performing traditional functions as counsel for the accused).   The complaint must therefore be dismissed against Defendant Magidson.

Finally, because plaintiff's complaint against these defendants lacked any arguable basis in the law, this Court certifies that any appeal by the plaintiff of the claims raised against these defendants would be frivolous and not undertaken in good faith. *See Alexander v. Jackson,* 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006)(citing 28 U.S.C. § 1915(a)); *See also Goodell,* 157 F. Supp. 2d at 802.   Stated differently, it would be inconsistent for this Court to determine that plaintiff's complaint was too frivolous or meritless to be served upon these defendants, yet has sufficient merit to support a determination that any appeal from the Court's order of dismissal would be undertaken in good faith so as to permit such an appeal. *See Anderson v. Sundquist*, 1 F. Supp. 2d 828, 835 (W.D. Tenn. 1998)(citations omitted).

## V. <u>ORDER</u>

Based upon the foregoing, **IT IS HEREBY ORDERED** that plaintiff''s complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915(A) **FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

**IT IS FURTHER ORDERED AND CERTIFIED** by the Court that any appeal taken

by Plaintiff would not be done in good faith.


S/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  October 31, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 31, 2013, by electronic and/or ordinary mail.

S/Johnetta M. Curry-Williams
Case Manager
Acting in the Absence of Carol A. Hemeyer